Johnson, J.
The summons and complaint are dated in August, 1848, and the answer in September of the same year. The question therefore depends upon the provisions of the Code of 1848. By the G2d section of the Code of 1848, the distinction between actions at law and suits in equity and the forms of all such actions and suits are abolished, and a single form of action is established in lieu thereof. By § 118 all existing forms of pleading are abolished, and thereafter the forms of pleading in civil *317 actions and the rules by which the sufficiency of the pleadings is to be determined, are declared to be those prescribed in that act. By 120, subdivision 2, the complaint is to contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. By § 128 the answer of the defendant shall contain, 1. In respect to each allegation of the complaint controverted by the defendant, a specific denial thereof, or of any knowledge thereof sufficient to form a belief. 2. A statement of any new matter constituting a defence, in the manner prescribed for statements in the complaint.
By § 131, when the answer shall contain new matter the plaintiff may reply to it, denying particularly each allegation controverted by him, and he may allege any new matter not inconsistent with the complaint, in avoidance of the answer.
By § 144 every material allegation of the complaint not specifically controverted by the answer, and every material allegation of new matter in the answer not specifically controverted by the reply, shall, for the purposes of the action, be taken as true.
The material allegations of the complaint in this case are, the making by the defendants of the promissory note, the transfer of it to the plaintiff, and the non-payment of it by the defendants. Each of them is material, for without the concurrence of all of them, the complaint would not show a cause of action by the plaintiff against the defendants. If, upon trial, either of them was found to be untrue, the plaintiff could not have a verdict.
Now, under % 128, the defendant is at liberty in his answer to deny each allegation of the complaint which he controverts; and by section 144 each material allegation, not so controverted, is to be taken as true, for the purposes of the action. Unless, therefore, the allegation of payment *318 in the answer is to be taken to be a denial of the non-payment, which is one of the material allegations of the complaint, it remains undenied, and by force of the section last referred to is admitted for all the purposes of the suit.
The 128th section contemplates but two sorts of allegations by way of defence: the first, denials of allegations of the complaint. Every such denial of a material allegation forms a separate defence, and should, under § 129, be separately stated. The second, allegations other than denials or new matter, as the section in question terms such allegations. As to the first class of allegations—denials of the material allegations of the complaint—the issue between the parties is complete as to the matters thus denied upon the complaint and answer ; and accordingly § 131, which provides for a reply, provides only for denials by the plaintiff of new matter alleged in the answer, and for allegations of new matter not inconsistent with the complaint in avoidance of the answer. The second class of allegations which the answer may contain, are such as do not deny any allegation of the complaint, but admitting its allegations to be true, show that notwithstanding the truth of the allegations of the complaint the plaintiff ought not to recover.
Under the Code of 1848, by § 118, the rules by which the sufficiency of pleadings is to be determined are those prescribed by the Code itself; and we have seen that in in accordance with these rules, the fact of payment was put in issue by the averment in the answer, and that no further allegation on that subject by the plaintiff was necessary or permissible.
All the judges concurring,
Judgment affirmed.