STEPHEN S. BROWN *et al., as Partners, etc.,* v. MARY K. QUINTON, *as Administratrix, etc.*

No. 15,969.

SYLLABUS BY THE COURT.

1. ADMINISTRATORS—*Employment of Attorneys—Liability for Fees.* Attorneys employed by an administrator to assist him in administering his trust, or to prosecute or defend an action for or against him in his official capacity, have no claim they can enforce directly against the estate. The administrator is individually liable for such services, and upon settlement of his accounts he may be reimbursed out of the estate for attorney's fees necessarily paid out as expenses of administration.

2. PETITION—*Action against Administratrix for Attorneys' Fees —Descriptio Personæ—Surplusage.* In an action to recover compensation for the services of attorneys employed by an administratrix in a former proceeding in behalf of the estate of the deceased the defendant was referred to as administratrix in the caption, and also in the body of the petition, in connection with the employment of attorneys. *Held,* that as the claim set up in the petition is a personal and not an official liability of the defendant the reference to her official character should be regarded as descriptive of the person and may be rejected as surplusage, and the petition held to state a cause of action against the defendant as an individual.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed April 10, 1909. Reversed.

### STATEMENT.

THIS is an action to recover for legal services rendered in the courts of Missouri. In their petition plaintiffs alleged that they were engaged in the practice of the law, and further alleged: ·

"That the said defendant, Mary K. Quinton, was on the 12th day of April, 1900, by the Honorable L. S. Dolman, probate judge of Shawnee county, Kansas, duly appointed administratrix of the estate of L. B. Kendall, deceased, and thereafter, to wit, on the 12th day of April, 1900, duly qualified and entered upon her duties as such administratrix, and is still acting in said capacity, and has been so acting since such appointment.

"Plaintiffs further complaining allege that upon the 25th day of June, 1903, the said defendant, Mary K. Quinton, administratrix as aforesaid, through her duly authorized agent and attorney, Eugene S. Quinton, employed these plaintiffs, as attorneys for her in her behalf, to prosecute a certain claim in the courts of Buchanan county, Missouri, which action was duly commenced and prosecuted during the month of February, 1904, and known as No. 12,676, *S. B. Isenhart, Trustee, v. L. M. Crawford et al.;* that said Mary K. Quinton, administratrix, through her said agent and attorney, Eugene S. Quinton, as aforesaid, at the time of said employment, agreed to pay to the said plaintiffs, for the services therein to be rendered, so much as such services should be reasonably worth."

Plaintiffs then alleged that they had performed the services contemplated by the employment, which the parties agreed were reasonably worth $1000, but that the debt had not been paid, and for that sum plaintiffs asked judgment. In the title of the petition plaintiffs described defendant as "Mary K. Quinton, Administratrix of the estate of L. B. Kendall, deceased."

Defendant answered as administratrix, and denied generally the averments of the petition.

When the case came on for trial defendant objected

to the introduction of evidence because the petition did not state a cause of action, which objection was sustained. Leave to amend the petition was obtained, but later plaintiffs declined to amend and stood upon the allegations of the petition as filed. The court adhered to its former ruling, holding that no cause of action was stated against the defendant, and dismissed the proceeding. On this ruling error is assigned.

*Edwin D. McKeever,* for the plaintiffs in error.

*Hazen & Gaw,* and *Quinton & Quinton,* for the defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiffs did not state a cause of action against the estate of L. B. Kendall, deceased. The debt for which the action was brought was not one that accrued against the deceased in his lifetime, and was therefore not a legal demand against the estate. An administratrix may, of course, employ an attorney to assist her in the administration of the estate, or to prosecute or defend actions brought for or against the administratrix in her official capacity, but the obligation to pay for such services rests primarily upon the administratrix. By the employment she makes herself personally liable for the attorney's fees, and is entitled to an allowance for moneys necessarily paid out for such services as expenses of administration. (Gen. Stat. 1901, § 2969.) To obtain compensation for their services in such a case the attorneys must look to the administratrix as an individual, and not in her representative capacity. The defendant therefore had no authority to bind the estate by her contract with the plaintiffs, and an action to enforce her contract will not lie against her in her capacity as administratrix. (*Tucker v. Grace,* 61 Ark. 410; *Briggs v. Breen,* 123 Cal. 657; *Sullivan v. Lusk,* 7 Cal. App. 186; *Lusk v. Patterson,* 2 Colo. App. 306; *Barker v. Kunkel,* 10 Ill. App. 407; *Wait v. Holt,* 58 N. H. 467; *Garnett v. Car-*

*son,* 11 Mo. App. 290; 18 Cyc. 249; 11 A. & E. Encycl. of L. 935.)

Plaintiffs contend, however, that the averments of the petition can and should be regarded as setting forth a cause of action against defendant in her individual capacity.    The defendant insists, on the other hand, that the pleadings show that the action was brought against Mary K. Quinton in her representative character, and that this is manifest in the title to the action, wherein she is designated as "administratrix," and also in the body of the petition, where there is a detailed statement of her appointment as administratrix and of her qualification at a particular time, and a further statement that she thereafter entered upon the duties of the office, in which capacity she is still acting.    This is followed, too, by an averment that Mary K. Quinton, "administratrix as aforesaid," through her agent, employed the plaintiffs and agreed to pay them what the services were reasonably worth.    It is the view of the court that the language referred to does not require a holding that the action is one against the defendant in her representative capacity.    It is to be observed that the petition does not in terms state that the defendant is sued *as* administratrix.    In protecting the interests of the estate it was the duty of the defendant to employ attorneys, and plaintiffs may have spoken of her representative character by way of inducement to show that the claim was just and one for which she could be reimbursed.    Since the defendant is liable individually on the contract for such services, and not in her representative character, the reference to her as administratrix should be treated as *descriptio personæ*.    If the cause of action stated be one for which the estate is liable the added words, "administratrix of the estate of L. B. Kendall, deceased," may be treated as descriptive of representative capacity, but if it be only enforceable against the defendant personally and not officially, as in this case, the added words should be regarded as descriptive of the person and may be rejected as sur-

plusage. (*Keniston v. Little*, 30 N. H. 318; *Merritt v. Seaman*, 6 N. Y. 318; *L. H. and J. P. Rich, Exrs. v. Albert Sowles, Admr.*, 64 Vt. 408; *Fitzhugh's ex'or v. G. F. Fitzhugh*, 11 Grat. [Va.] 300; *Bennett v. Whitney*, 94 N. Y. 302; *Beevin's Ex'ors v. French*, 84 Va. 81; *Baker v. Fuller*, 69 Maine, 152; *Glisson v. Weil*, 117 Ga. 842; 3 Williams, Exec., 6th Am. ed., p. 2056 [*1941]; 18 Cyc. 978.)

As tending to show the liberal view taken in pleading and practice in somewhat analogous cases, reference may be had, first, to *Railway Co. v. Mills*, 57 Kan. 687, where a widow, entitled to maintain an action as widow against a defendant who caused the death of her husband, brought an action as administratrix, in which capacity she could not recover. In her petition she described herself as widow as well as administratrix, and it was held that her averments in regard to her capacity as administratrix might be treated as surplusage, and also that she was entitled to recover as widow. Another case is *Railroad Co. v. Menager*, 59 Kan. 687, where a landowner who was prosecuting an action against a railroad company for land taken as a right of way died. The action was then revived in the name of both his administrator and his heir. The heir died, and the administrator then obtained a revivor in his individual name as successor to the heir. He was required to elect whether he would prosecute the action in his individual name or in his official capacity, and he erroneously elected to prosecute in his individual name; and after a trial, in which all of the facts were brought out, he was permitted to recover as administrator, notwithstanding the erroneous election.

The writer inclines to the opinion that under the averments of the petition the plaintiffs should be held to have brought their action against the defendant in her official capacity. When the court ruled that a cause of action was not stated against the defendant as administratrix plaintiffs were given an opportunity to amend. Instead of striking out the averments in the

petition indicating that the action was against the official rather than the individual they chose to make a straddle by attempting to stand on the individual as well as the official leg, and thus secure a footing in court, whatever the ultimate decision might be. It would have been more fair to the district court to have indicated that they rested their right of recovery on the personal liability of the defendant. Plaintiffs can only recover from defendant in the capacity in which they sued, and looking at the caption as well as the averments in the body of the petition it would seem that plaintiffs could not much more plainly have indicated that the action was against the defendant in her official capacity than was done in this instance. The defendant met the issue tendered by answering as administratrix, but it did not occur to plaintiffs that they were entitled to judgment on the pleadings against the defendant as an individual; at least no motion for judgment was made.

The court being of the opinion, however, that a cause of action is stated in the petition, the judgment is reversed and the cause remanded for a new trial.

JOHNSTON, C. J., and PORTER, J., dissenting.