J. G. EDWARDS, *Appellant,* V. WALTER PUTERBAUGH, *as Executor, etc., Appellee.*

No. 17,498.

SYLLABUS BY THE COURT.

1. "EXECUTOR" OR "ADMINISTRATOR"—*When Words of Description Only.* The general rule that where an action is brought against an executor or administrator to recover upon a claim for which he is or may be liable individually the use of the words "executor" or "administrator" in the pleadings will be regarded as words of description and rejected as surplusage, can have no application to a case where it conclusively appears from other facts and circumstances that the action was brought against the person in his representative capacity alone.

2. NONRESIDENT EXECUTOR—*Publication Service—Personal Judgment.* Where an action is brought against a nonresident executor of a foreign estate to recover commissions claimed to be owing to the plaintiff for the sale of lands in Kansas belonging to such foreign estate, and the lands, in which the defendant has no interest other than as executor, are attached in the action and service obtained upon the foreign executor by publication, and he files an answer defending for the estate, the court acquires no jurisdiction to render a judgment against him individually, notwithstanding the allegations of the petition or the fact that he may have incurred a personal liability to the plaintiff on the claim sued upon.

Appeal from Pawnee district court.   Opinion filed March 9, 1912.   Affirmed.

*W. H. Vernon,* and *W. H. Vernon, jr.,* for the appellant.

*George W. Finney,* and *Roscoe E. Peterson,* for the appellee.

The opinion of the court was delivered by

PORTER, J.:  One Frank Frorer, a resident of the state of Illinois, died there prior to August 1, 1908, and at the time of his death owned a section of land in Pawnee county, Kansas.   Walter Puterbaugh, the appellee, is a resident of the state of Illinois, and is one of three executors of the Frorer estate.   In June, 1909, he made a contract in writing, through correspondence with Edwards, by which he authorized the latter to list the land for sale at a stated price and upon a certain commission.   On October 1, 1909, Edwards, the appellant, found a purchaser for the land on terms which were in substantial compliance with the authority conferred upon him by the correspondence, and notified Puterbaugh, who refused to carry out the contract, and wrote appellee that the land had been disposed of. Edwards then brought this action against Puterbaugh, executor of the estate of Frank Frorer, deceased, to recover his commission, and attached the land belonging to the estate.   He obtained service upon the appellee by publication.   The appellee filed an answer setting up several defenses, including a denial of authority of the executors to make a contract for the sale of lands belonging to the estate.

The cause was tried without a jury, and the court made findings of fact, which include a finding that there was no evidence that the executors had authority to sell the land or to appoint agents to sell it.   The court thereupon rendered judgment against the appellant for costs.

It is claimed that the court erred in overruling a motion for judgment in appellant's favor on the findings and in overruling a motion for a new trial. The appellant's contention is that he was entitled to a judgment against Walter Puterbaugh personally, notwithstanding the failure of proof to warrant a judgment against him as executor. In the brief it is said that "there is but one question, practically, involved in this case: *The liability of the appellee, Walter Puterbaugh, individually, for the services rendered by appellant, . . . and the right of appellant to recover a personal judgment against said appellee under the allegations¹ of his petition.*" Authorities are cited to the effect that the words "executor of the estate of Frank Frorer, deceased," in the caption and body of the petition, should be construed as mere words of description and should be rejected as surplusage. And authorities are cited which hold that where the action is against the executor or administrator it is necessary to describe him "as" executor or "as" administrator. The recent case of *Brown v. Quinton,* 80 Kan. 44, 102 Pac. 242, is relied upon. That was an action against an administrator, brought by attorneys employed to prosecute a suit for the estate. It was held that the claim set up in the petition was a personal one, and that the words "administrator," referring to defendant's official character, should be regarded as descriptive and rejected as surplusage.

This is the general rule, but, like most general rules, there are cases where it can not be applied, and this is obviously one where the exception obtains. The words "executor of the estate of Frank Frorer, deceased," can not in the present case be regarded as mere surplusage. Other circumstances of far more importance conclusively establish the fact that the appellee was sued in his representative capacity alone. This must be true, irrespective of the importance attached to the use of the words themselves in the caption and body of the

Edwards v. Puterbaugh.

petition.   The right of the appellant to obtain service upon the appellee by publication depended in this case upon whether this was an action "brought against a nonresident of the state  .  .  .   having in this state property  .  .  .   sought to be taken by" the provisional remedy of attachment.   (Civ. Code, § 78.)   The appellee owned no real estate or other property in this state, and the court acquired jurisdiction of the proceeding *in rem* or *quasi in rem* solely because the action was brought for the purpose of appropriating some part of whatever interest he held therein as executor. The rule recognized in the Quinton case can not avail the appellant.   If it were held that the words "executor," etc., were mere words of description, to be rejected as surplusage, then the court had no jurisdiction to proceed against Walter Puterbaugh as an individual.   The moment the appellant abandoned the purpose to hold him liable as executor and elected to proceed against him individually, that moment the court lost jurisdiction to render any judgment against him.

The appellant contends, however, that when the appellee filed his answer and entered a general appearance, the court acquired jurisdiction over him for all purposes.   The appellee was obliged to appear and defend the action in his representative capacity to prevent a judgment being taken which might have resulted in the loss of the land to the estate.   It would, indeed, be an abuse of judicial process to permit the lands of a nonresident estate to be levied upon and attached upon service by publication, and, when the foreign executor entered an appearance in order to defend the action, then to allow the plaintiff to shift the action from one against the estate to an action against the executor individually.

The judgment is affirmed.