## MINIGGIO v. HUTCHINS.

---

EXECUTORS AND ADMINISTRATORS: CLAIMS AGAINST DECEDENTS' ESTATES; PROBATE COURT, JURISDICTION OF.

1. The probate court is without jurisdiction to make an order directing an executor, administrator, or collector of a decedent's estate to pay the claim of a creditor of the estate. (Citing *Cook* v. *Speare*, 13 App. D. C. 446.)
2. The jurisdiction of the supreme court of the District of Columbia, holding a probate term, is not different from the jurisdiction possessed by the orphans' court of Maryland, except where specially provided by statute. (Citing *Richardson* v. *Daggett*, 24 App. D. C. 440.)

No. 2735.  Submitted November 4, 1914.  Decided February 1, 1915.

HEARING on an appeal by a creditor of a decedent's estate from an order of the Supreme Court of the District of Columbia, holding a probate court, dismissing a petition to compel the collector of the estate to pay his claim.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case is closely analogous to *Berry & W. Co.* v. *Dante,* ante, 110, this day decided. The question here involved is whether the probate court erred in refusing to grant the prayer of the petition of appellant, petitioner below, wherein the court was asked to make an order compelling the collector of the

estate of Stilson Hutchins to pay petitioner's claim against the estate.

It appears that, during the lifetime of Hutchins, William J. Dante was appointed trustee in equity of the estate of Hutchins; that claims were paid by the trustee under the order of the equity court; that other claims were referred to the auditor of the court for report, among which was the one in issue; that the auditor reported favorably on this claim, and that on the death of Hutchins, Dante was appointed collector of the estate. Petitioner brought a suit to recover this claim against Hutchins during his lifetime, which suit stands undisposed of for lack of service upon the defendant. No attempt appears to have been made to revive the action.

When the present petition was presented in the probate court, the collector answered, expressing his willingness to obey any order the court might make in the premises; but an answer was filed by Walter Stilson Hutchins, one of the sons of decedent, in which he objected to the payment of this claim, and contested the jurisdiction of the probate court to compel the collector to pay contested claims against the estate. On hearing, the court entered an order dismissing the petition, from which this appeal was taken.

*Mr. Corry M. Stadden* for the appellant.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The only question, therefore, is the jurisdiction of the probate court to entertain this action. Nowhere in the statutes is the probate court vested with authority to compel an executor or administrator to pay a claim against an estate. Under sec. 330 of the Code [31 Stat. at L. 1243, chap. 854], the approval of a claim properly proved relieves the executor or administrator from liability if he elects to pay it; but, by sec. 342 [31 Stat. at

L. 1244, chap. 854], he may contest it at law, and, in such action, the approval of the probate court by sec. 343 is deprived of even evidentiary effect. The jurisdiction is the same as to a *collector* or *administrator pendente lite.*

It is settled in this District that the probate court is without jurisdiction to compel an executor or administrator to pay a claim asserted against a decedent's estate. In *Townshend* v. *Brooke,* 9 Gill, 90, the court, considering the Maryland act of 1798, which was the law of this District for almost a century, and with but slight modification was carried into our Code, held that the orphans' court was a tribunal of special and limited jurisdiction, and in respect of the power to enforce the payment of claims, said: "After a careful examination of the acts of assembly, bearing upon the powers and jurisdiction of the orphans' courts, we can find no clause or provision which can be interpreted as conferring upon those tribunals authority to direct a collector *pendente lite,* to pay a sum of money to the persons named as executors, in a paper purporting to be a last will and testament, to be appropriated as fees to counsel employed to resist a caveat interposed before the paper in controversy was admitted to probate, and consequently before letters testamentary were committed to the persons named therein as executors." This construction of the act of 1798 has been adopted by this court. *Cook* v. *Speare,* 13 App. D. C. 446.

The provisions of the Maryland act of 1798, in respect of the matter here involved, in so far as enlarging the jurisdiction of the probate court, has not been changed. The jurisdiction of the probate court, except where specially provided by statute, is not different from the jurisdiction and power possessed by the orphans' court. *Richardson* v. *Daggett,* 24 App. D. C. 440, 444.

The order of the court below is affirmed with costs.

*Affirmed.*