## BRANDENBURG et al. v. DANTE.

(Court of Appeals of District of Columbia. Submitted November 4, 1919. Decided December 1, 1919.)

### No. 3266.

EXECUTORS AND ADMINISTRATORS ⊙⇒216(2)—ESTATE LIABLE FOR FEES OF AT-TORNEYS EMPLOYED BY COLLECTOR.

Under Code of Law, §§ 306, 307, authorizing the collector of an estate to bring certain suits, and section 308, providing that. collector shall not be liable in actions by creditors of deceased, attorneys rendering services to the estate at the collector's request may collect their fees from the es-tate in an action at law against the collector in his representative ca-pacity.

Appeal from the Supreme Court of the District of Columbia.

Action by Edwin C. Brandenburg, Clarence A. Brandenburg, and F. Walter Brandenburg, copartners trading under the firm name and style of Brandenburg & Brandenburg, against William J. Dante, as executor of the estate of Stilson Hutchins, deceased. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

E. C. Brandenburg, of Washington, D. C., C. A. Brandenburg, of Denver, Colo., and F. W. Brandenburg, of Washington, D. C., in pro. per.

Geo. E. Sullivan, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District sustaining appellee's demurrer to appellants' declaration, in which appellants sought compensation for professional services rendered appellee as collector of the estate of Stilson Hutchins.

According to the averments of the declaration, appellants were retained by the appellee, Dante, as collector of the estate, to advise and assist him, as attorneys and counselors at law, in and about the performance of his duties 'as such collector, and to render him such other legal services as might be necessary in and about the collection, care, and preservation of the estate. The inventory filed by the col-lector showed the value of the personal estate to exceed $1,000,000. In pursuance of their employment appellants rendered the legal serv-ices necessary or required by appellee as such collector, including counsel and advice and the conduct of litigation involving him as collector; the employment. covering a period from June of 1912 to April of 1916, when appellants by leave of court withdrew as counsel. Thereupon, after rendering their account to appellee, appellants ap-

plied to the Supreme Court of the District, holding a probate court, for an order requiring the payment by the collector of the amount justly due them; but the court, "on objection made by said defendant [appellee], dismissed said application, but without prejudice to the right of the plaintiffs [appellants] to sue at law to recover the amount justly due them."

It thus appears that the question for our determination is whether a collector or special administrator may be sued at law in his representative capacity by an attorney, who at his request has rendered necessary professional services for the benefit of the estate.

The right and duty of a collector, in certain circumstances, to employ counsel, are conceded, and are recognized in sections 306 and 307 of the District Code, for section 306 authorizes the bringing of suits by a collector "for debts or other property, as an administrator may do," and section 307 authorizes an executor or administrator, when the powers of a collector shall have ceased, to prosecute any suit commenced by the collector, as if the same had been begun by the executor or administrator. In section 308 it is provided that "such collector shall not be liable to an action by any creditor of the deceased." In Berry & Whitmore Co. v. Dante, 43 App. D. C. 110, it was ruled that under this provision a creditor of a decedent may not maintain an action against a collector, but the question here involved was not before the court.

Many authorities, while recognizing the undoubted right of an executor or administrator to employ counsel and to be reimbursed for counsel fees, hold that the attorney must look for his compensation to the personal representative who employed him, in his individual and not in his representative capacity. Taylor v. Crook, 136 Ala. 354, 34 South. 905, 96 Am. St. Rep. 26; Goldengate Undertaking Co. v. Taylor, 168 Cal. 94, 141 Pac. 922, 52 L. R. A. (N. S.) 1152, Ann. Cas. 1915D, 742; Brown v. Quinton, 80 Kan. 44, 102 Pac. 242, 25 L. R. A. (N. S.) 71, 18 Ann. Cas. 290; Thompson v. Mann, 65 W. Va. 648, 64 S. E. 920, 22 L. R. A. (N. S.) 1094, 131 Am. St. Rep. 987; 11 R. C. L. p. 235. But in the event of the insolvency of the executor or administrator, the attorney, by appropriate proceedings in equity, may compel such executor or administrator to enforce the claim against the estate for the benefit of the attorney. Clopton v. Gholson, 53 Miss. 466; Mosely v. Norman, 74 Ala. 422; Dickinson v. Conniff, 65 Ala. 581; Norton v. Phelps, 54 Miss. 467; Hewitt v. Phelps, 105 U. S. 393, 26 L. Ed. 1072. The theory underlying this doctrine is that whatever allowance is to be made from the estate to such executor or administrator for the services of an attorney must be made by the probate court to the executor or administrator. But there are many authorities that sustain the right of an executor or administrator to bind the estate for reasonable attorney's fees covering services necessarily or properly rendered in preserving or otherwise benefiting it, and these authorities of course recognize the right of the attorney to proceed directly against the estate. Miller v. Tracy, 86 Wis. 330, 56 N. W. 866; Long v. Rodman, 58 Ind. 58; Jackson v. Leech, 113 Mich. 391, 71 N. W. 846; Marx v. McMorran,

136 Mich. 406, 99 N. W. 396; Nichols v. Reyburn, 55 Mo. App. 1; Matson v. Pearson, 121 Mo. App. 120, 97 S. W. 983; Wilson's Appeal, 3 Walk. (Pa.) 216; Portis v. Cole, 11 Tex. 157; Crim v. England, 46 W. Va. 480, 33 S. E. 310, 76 Am. St. Rep. 826. It will be observed that the result of the decisions is ultimately to charge the estate with the attorney's reasonable and proper fees; some courts requiring that to be done by indirection, and others permitting a direct action.

We are of the view that in the District of Columbia an attorney whose services are rendered an estate at the request of a collector or special administrator may look to the estate for his compensation. The Code contemplates that such services may be necessary for the protection of the estate, and it would be unreasonable to require the attorney to look to the collector rather than to the estate for his compensation. In other words, the provisions of the Code leave no room for doubt that services rendered under conditions such as are alleged in this declaration are proper charges against an estate, and hence that attorneys rendering such services may look directly to the estate for their compensation. These services, if performed as alleged in the declaration, were a proper charge against the estate, yet the probate court, at the instance of appellee as collector, refused to recognize that liability. Sections 306 and 307 of the Code contemplate, as we have held, that the collector may bind the estate for the services of counsel. Recognizing that the creation of a liability would be practically valueless without a remedy for its enforcement, Congress, in section 308, was careful to use words that in no way abridged the right to pursue such a remedy of one in whose favor the remedy was inferentially recognized in the preceding sections. Under this ruling the rights of both parties will be fully protected and a trial had in the only tribunal now open to such proceeding; the probate court having denied appellants' claim.

Judgment reversed, with costs, and cause remanded for further proceedings.

Reversed and remanded.