**BUCK et al. v. PUTNAM.**

No. 8718.

United States Court of Appeals
District of Columbia.

Argued Nov. 13, 1944.

Decided Dec. 11, 1944.

Mr. Justin L. Edgerton, of Washington, D. C., for appellants.

Mr. John E. Larson, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

Frank H. Buck, a member of Congress from the State of California, died in the District of Columbia September 17, 1942. By his last will he nominated his brother, Leonard W. Buck, of California, as his executor. At the time of his death he owned securities and personal property located in the District of Columbia to an amount in excess of $500,000. By his will he bequeathed to each of his children 5,000 shares of the capital stock of the Belridge Oil Company and to Helen S. Peterson, then residing in the District of Columbia, he likewise bequeathed 5,000 shares of the

capital stock of the same company and $30,000 in cash. His wife was named as a residuary legatee and devisee.

The record shows that on the day of his death, or the next day, Miss Peterson obtained possession of his will, all of his securities, his jewelry, etc., and turned the same over to her attorney. She then filed a petition in the Probate branch of the District Court for appointment of her attorney as collector of the assets of the estate. Three or four days thereafter a similar petition was filed on behalf of his daughter, Margaret Anne Buck Putnam, who was the only member of his immediate family then residing in the District of Columbia. The latter petition was filed at the request of the widow and, after hearing on the two petitions, the court promptly appointed Mrs. Putnam collector and fixed her bond at $300,000. Delivery to her of the assets located in the District of Columbia was duly made.

In May of 1943 ancillary testamentary letters were issued to the executor named under the will. After some ten months of service Mrs. Putnam filed her account showing the collection of assets of the estate to the amount of approximately $580,000, the payment of sundry indebtedness of the deceased, and an allowance by her of $6,000 to her attorney for his services rendered in the collection and administration of the estate. The balance, by order of court, she delivered to the ancillary executor.

The question here is as to the reasonableness of an allowance to Mrs. Putnam of 1½ per cent of the fund handled by her in the ten months' period, and of the reasonableness of the allowance of $6,000 to her attorney for services rendered by him to her in the administration of the estate.

PER CURIAM.

The District Judge, after a full hearing, allowed the commission of 1½ per cent and the $6,000 attorney's fee. The District Code provides that the commission allowable to a collector in the administration of an estate shall be at a rate "not exceeding ten per centum,"[1] and we held in Brandenburg v. Dante, 49 App.D.C. 141, 261 F. 1021, that an attorney whose services are rendered an estate at the request of a collector may look to the estate for his compensation. Since under the District law a collector for the time being performs all the duties and exercises all the powers of an administrator, it follows that the measure of the allowance to his counsel is such as the court may consider proper in the light of the applicable facts.

We have examined the record fully and are of opinion that there was no abuse of discretion in the order approving the account. The peculiar circumstances surrounding the recovery of the assets and their administration, as shown in the account filed and as further shown in the attorney's memorandum of his services, satisfactorily dispose of the claim that the allowance was unreasonable or arbitrary.

Affirmed.

[1] D.C.Code 1940, § 20—403.