**BELT v. LYNN.**

No. 12003.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 12, 1954.

Decided March 18, 1954.

---

**432**

Mr. Charles B. Sullivan, Jr., Washington, D. C., for appellant.

No brief or appearance for appellee.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

PER CURIAM.

·. This is an appeal from an order of the District Court declining to appoint a collector of the assets of the estate of· Worthington H. Holton, deceased.

᛭ In 1949, Holton brought an action in the District Court, and obtained judgment. Appeal was taken to this court (No. 11,169). Cf. Belt v. Holton, 90 U.S. App.D.C. 148, 197 F.2d 579. While it was pending, Holton, who had become a resident and domiciliary of the State of Virginia, died in that State. We postponed hearing of the case pending the appointment of a legal representative of Holton's estate. Application to the District Court for appointment of a collector followed. The application was denied without prejudice, for the reason that primary jurisdiction was with the appropriate court of Fairfax County, Virginia. It appeared that a document purporting to be a will had been found, and that the person named as executor therein (Mr. Lynn, appellee here) had filed the will with the clerk of the court at Fairfax County, Virginia, but had taken no further proceedings thereunder. Lynn alleged that Holton left no estate to be administered in Virginia.

■■ We think that under these circumstances the District Court should have appointed a collector, to gather and protect any assets of the deceased in the District of Columbia. We make no comment, of course, on the merits of the case now pending here (No. 11,169). It is enough to say that protection should be given to whatever interest the deceased may have in the property there involved. The failure of interested parties to take steps in Virginia should not be allowed to thwart that protection. The governing statute grants broad authority to appoint a collector: it contains no requirement that, in the case of a non-resident, appointment here must await action by his executor in his home state. D.C.Code, Tit. 20, § 401 (1951). Of course, "On the granting of letters testamentary or of administration the power of any such collector shall cease * * * and the executor or administrator may be permitted to prosecute any suit commenced by said collector * * *." D.C.Code, Tit. 20, § 404 (1951). See Buck v. Putnam, 1944, 79 U.S.App.D.C. 295, 146 F.2d 662.

For these reasons, the order of the District Court will be

Reversed.