James F. BIRD et al., Executors of the Estate of Laura L. Jeffords, formerly Laura L. Paul, deceased, Appellants,

v.

Charles B. SULLIVAN, Jr., Appellee.

No. 17265.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 22, 1963.

Decided March 21, 1963.

13. 203 F.2d 139, 146 (1953).

14. 78 F.2d 674, 675 (10th Cir. 1935).

**676**

Mr. Herbert P. Leeman, Washington, D. C., for appellants.

Mr. Rex K. Nelson, Washington, D. C., with whom Mr. Eugene X. Murphy, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and EDGERTON and WASHINGTON, Circuit Judges.

EDGERTON, Circuit Judge.

The executors of the estate of Laura L. Jeffords appeal from an order of the United States District Court holding a Probate Court which granted appellee's motion to withdraw as counsel for the executors, ordered judgment for $10,000 in his favor and against the estate for services rendered, and "authorized and directed" the executors to pay this judgment.

We think the court erred. D.C. Code § 20–605 (Fifth), which authorizes executors to pay attorneys' fees and the probate court to allow such fees in the executors' accounts, does not authorize the probate court to order executors to pay the fees.[1] An attorney may have a claim against the executors or the estate which he can collect in an action at law in the District Court. Brandenburg v. Dante, 49 App.D.C. 141, 261 F. 1021 (1919). But "It is settled in this District that the probate court is without jurisdiction to compel an executor or administrator to pay a claim asserted against a decedent's estate." Miniggio v. Hutchins, 43 App.D.C. 117, 119 (1915). The general rule has long been to the same effect. 1 Woerner: American Law of Administration § 152 (2d ed. 1899), 2 id., § 356; cf. 3d ed. (1923); 34 C.J.S. Executors and Administrators § 446a. The probate court's approval, however expressed, of a claim against the estate, is in legal effect an order that the claim will pass when paid. The order relieves the executor or administrator of liability if he elects to pay the claim. "In no case shall the order made by the probate court that an account or claim will pass when paid be deemed of validity to establish such claim or account; but in case the executor or administrator thinks fit to contest the same such account or claim shall derive no validity from the order aforesaid, but shall be proved in the same manner as if no such order had been made." D.C.Code § 18–517. If the executor or administrator contests the

---

1. Hutchins v. Hutchins, 48 App.D.C. 286 (1919), is not to the contrary. It decided only that the probate court might decree to the executors an allowance on account of legal fees. The case did not involve the question of requiring executors to pay legal fees. Nor is Rule 47 of the District Court to the contrary. That Rule refers to the allowance of attorneys' fees, i. e., declarations that fees will pass when paid.

claim, the probate court's order approving it is "deprived of even evidential effect." Miniggio v. Hutchins, supra.

The judgment is vacated and the cause remanded to the probate court with directions to delete the word "directed" from its order or take other action consistent with this opinion.

Judgment vacated and cause remanded.