Richard A. BISHOP, Executor, Estate of
Jean Fairweather Waggaman, De-
ceased, Appellant,

v.

Gibbs L. BAKER and the National Bank
of Washington, Appellees.

No. 3886.

District of Columbia Court of Appeals.

Argued May 9, 1966.

Decided July 25, 1966.

Richard A. Bishop, Washington, D. C., pro se.

Thomas B. Lawrence, Washington, D. C., with whom Gibbs L. Baker, Washington, D. C., was on the brief, for appellee Gibbs L. Baker.

John J. Carmody, Jr., Washington, D. C., with whom John J. Wilson and Jo V. Morgan, Jr., Washington, D. C., were on the brief, for appellee The National Bank of Washington.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

On June 28, 1962, appellee Baker, a practicing attorney in this jurisdiction, filed claim in the United States District Court for the District of Columbia, holding a Probate Court, against the estate of Jean Fairweather Waggaman in the amount of $4,260.88 for legal services rendered decedent during her lifetime. Appellant, as duly appointed executor under the will of Mrs. Waggaman, rejected the claim in full. Thereafter the attorney instituted suit against the executor in the United States District Court[1] within the prescribed time limit[2] for the claimed fee. The case was certified for trial to the District of Columbia Court of General Sessions[3] where a jury awarded the attorney the full amount sought. On May 19, 1965, judgment was entered against the executor for $4,260.88,

plus interest and costs. Although no appeal was taken by the executor, he refused to pay the judgment.

In July 1965 the executor filed in the Probate Court his second accounting, but he did not list as a debt the above judgment. The attorney filed an objection to this account and at the same time caused a writ of attachment[4] to be issued by the Court of General Sessions to garnish estate funds on deposit in the National Bank of Washington to satisfy the judgment. On September 22, 1965, the executor's motion to quash the writ of attachment was denied and he noted this appeal against both the attorney and the bank. On September 30, 1965, the trial court entered a judgment of condemnation of the estate credits held by appellee bank. As no supersedeas bond was posted by the executor pending appeal, the bank was required to turn over to Baker sufficient funds to satisfy the judgment.

In appealing the denial of his motion to quash the writ of attachment, the executor contends that jurisdiction as to all probate matters is in the United States District Court for the District of Columbia, holding a Probate Court, and that the funds of a decedent's estate are in *custodia legis* and hence not subject to attachment. We do not agree.

 The Probate Court has full and plenary jurisdiction to hear, examine and adjudicate accounts, claims and demands between executors or administrators and legatees or persons entitled to a distributive share of an intestate estate,[5] but it is not empowered to hear and determine disputes between executors or administrators and estate creditors. It is well settled that the Probate Court lacks jurisdiction to compel an executor or administrator to pay a claim

---

1. D.C.Code (Supp. V, 1966), § 20–1501 (a).

2. D.C.Code (Supp. V, 1966), § 20–1318.

3. D.C.Code (Supp. V, 1966), § 11–962.

4. D.C.Code (Supp. V, 1966), § 16–542.

5. D.C.Code (Supp. V, 1966), § 11–522(b) (4).

against the estate.[6] Any approval by the Probate Court of a claim against the estate is only an order that such claim will pass when paid, but this is not an adjudication of its validity, and if the executor contests the claim, the order of approval is without evidentiary effect.[7]

 Furthermore, the D.C.Code expressly provides for actions and judgments against executors and administrators and for the issuance of writs of fieri facias thereon.[8] There is no doubt that § 20–1502 (b) contemplates the use of writs of attachment and garnishment, where indicated, to supplement the discovery of goods and credits and the satisfaction of judgments.[9] We are convinced that appellee availed himself of a proper remedy in attaching the funds of decedent's estate on deposit in the bank.

 Appellant also complains of the bank's action in turning estate funds over to Baker, but he indicates no alternative procedure available to the bank after the trial court had condemned these funds to satisfy the judgment against him as executor.[10] Under the circumstances, the appeal as to appellee National Bank of Washington is dismissed as moot; and the action of the trial court in denying the motion to quash the writ of attachment is affirmed.

Affirmed as to the denial of appellant's motion to quash the writ of attachment.

Appeal dismissed as moot as to appellee National Bank of Washington.

---

6. Bird v. Sullivan, 115 U.S.App.D.C. 24, 316 F.2d 675 (1963); Miniggio v. Hutchins, 43 App.D.C. 117 (1915).

7. Bird v. Sullivan, supra, note 6.

8. D.C.Code (Supp. V, 1966), §§ 20–1501 and 20–1502(b).

9. Fishel v. Kite, 69 App.D.C. 360, 101 F. 2d 685 (1938), cert. den. 306 U.S. 656, 59 S.Ct. 645, 83 L.Ed. 1054 (1939).

See also Hawley v. Hawley, 72 App.D.C. 376, 379, 114 F.2d 745, 748 (1940).

10. After appellee bank had paid, on October 5, 1965, the judgment of condemnation against the estate funds on deposit, the Probate Court, upon the executor's petition, issued a rule to show cause why the attorney should not be enjoined from attaching estate funds. The Probate Court dismissed the petition and rule as moot on November 1, 1965.