## Thos. J. Semmes, Exc'r of Martha Young *vs.* C. C. Magruder and Clement Young, Adm. *d. b. n.* of Notley Young.

Claims of executors and administrators, stand on the *same footing* with those presented by *other creditors* of deceased persons, and the *passage* of such a claim by the *Orphans court,* will cure a defect in the form of the affidavit to it.

Part payment by an *administrator,* will take a claim out of the operation of the statute of limitations, as against the administrators *de bonis non,* and it makes no difference that the payment was made to the *administrator himself,* by his *retaining* a sum in part payment of his *own claim.*

Administrators may retain for their own claims when proved and passed, and are not required to plead limitations to the claims of others, if they believe them to be just.

So long as the creditor is *administrator,* the statute of limitations can have no effect upon the demand: such cases are exceptions to the rule, that when the act begins to run against a claim, nothing arrests its operation.

Appeal from the Equity Side of the Circuit Court for Prince Georges county.

This appeal was taken from an order of the court below, (Crain J.,) overruling the appellant's exceptions, and ratifying the auditor's account rejecting a claim as against the *personal estate* of Notley Young deceased, filed by the appellant as

executor of Martha Young, in a cause in chancery involving both the *real* and *personal* estate of the deceased.

The history of the claim, as appears from the record, is this: Notley Young died in July 1846. Martha Young, his daughter, became his administratrix in 1847, and preferred a claim against his estate for the rents and profits of certain lands devised to her by her grandfather, Francis Hall, and which, as the claim alleged, were held by her father, as trustee and agent for her from 1829 to 1844, amounting, principal and interest, to about $2500. It was *passed by the orphans court*, having the affidavit of the claimant thereto, "that no part of the sum due her for the rent of the land specified therein, or any security or satisfaction for the same hath been received," and also an affidavit of another party, as to the annual value of the land, and the fact that it had been held and enjoyed by Notley Young. There were endorsed upon the claim two receipts on account thereof, one dated the 1st of December 1848, for $400, the other 1st of January 1849, for $600, and signed "*Martha Young, by her attorneys Davodge and Semmes.*"

Martha Young died in the summer of 1849, leaving the appellant her executor, and the appellees became administrators *de bonis non* of Notley Young. It was proved that the land, for the rents and profits of which the claim was made, was delivered up by Notley Young to Hill, the purchaser thereof, on the 1st of January 1843. When the executor filed the claim in the chancery cause does not precisely appear. But on the 20th of November 1849, the appellant, as executor of Martha Young, *filed* in the cause a "further account of Martha Young administratrix of Notley Young," in which he claimed a credit for $1000, as "retained by Martha Young on account of her claim against Notley Young, for her share of rents and profits of land devised to her by her grandfather, Hall, *as per account filed in the cause.*" And in the auditor's account of the 8th of October 1850, between the *personal estate* of Notley Young, and the administrators *de bonis non*, the claim is thus stated: "To Thomas J. Semmes, executor of Martha Young, deceased, *as per claim filed* $2462.26," and the sum of $987.87, was in this account, assigned to it from the *per-*

*sonal estate.* The administrators *de bonis non*, excepted to this claim, among numerous others, on the 16th of November 1849, as not properly proved, and as *barred by limitations.* It was rejected as to the *real estate*, and no appeal was taken from this decision. Another account was then stated rejecting it as to the *personal estate*, but in his report the auditor says, in reference to it, that "it was not subject to limitations at the time of Notley Young's death, and no such defence or objection was taken against it by the administratrix, who was also the claimant, on the contrary it was passed by the orphans court, and her executor claimed to retain the sum of $1000, as a payment thereon. After her death it was objected to by the administrators *de bonis non*, and reported by the late auditor to be liable to limitations."

The account rejecting it as against the *personal estate*, was however ratified and hence this appeal.

The cause was argued before LE GRAND, C. J., ECCLE-STON and TUCK, J.

*Alexander B. Hagner* for the appellant, argued:

That the claim should have been allowed. It was fully proved, and the bar of the statute of limitations was removed by the *acknowledgment* of Martha Young, the administratrix of Notley Young, by her *payments* on the claim. That an acknowledgment by an administratrix, will avoid the bar of the statute, is clearly settled by the authorities. 1 *H. & J.,* 109, *Forbes vs. Perrie's Adm'rs.* 4 *H. & J.,* 259, *Landsale vs. Gheguiere. Ibid.,* 527, *Chapman vs. Dixon.* 5 *G. & J.,* 498, *Kent vs. Wilkinson.* 15 *Johns.,* 4, *Johnson vs. Beardslee.* 4 *Cow.,* 494, *Hammon vs. Huntley.* 5 *Pick.,* 391, *Hill vs. Buckminster.* 21 *Do.,* 245, *Faunce vs. Gray.* 13 *Do.,* 211, *Manson vs. Felton.* 8 *Mass.,* 134, *Baxter vs. Penniman.* 16 *Do.,* 431, *Emerson vs. Thompson.* 15 *Do.,* 374, *Sullivan vs. Holker.* 2 *Lomax on Ex'crs.,* 411, 412, 419. 2 *Leigh.,* 532, *Bishop vs. Harrison's Admr.* *Harper* 305, *Pearce vs. Zimmerman.* 2 *McCord,* 418, *Gibson vs. Peebles.*

7 *Ala.*, 598, *Newhouse & Co., vs. Redwood.* 4 *Russell*, 430, *Ault vs. Goodrich.* 35 *Eng. Ch. Rep.*, 16, *Smith vs. Poole.* 12 *B. Munroe.* 408, *Northcut vs. Wilkinson.* That a *payment* like that made in the present case, is a *sufficient acknowledgment.* See 1 *Bland*, 493, *Moreton vs. Harrison.* 6 *Md. Rep.*, 209, *Stump vs. Henry.* 13 *Wend.*, 268, *Wenman vs. Mohawk Ins. Co.* 6 *Barb.*, 588, *Carshore vs. Huyck.* 2 *Leigh's N. P.*, 1262. The fact that the payment was made by the administratrix *to herself*, cannot vary the *principle.* She, and she *alone*, had the right to plead limitations to the claim, and the claims of executors and administrators, are placed by the law upon precisely the same footing as those of any *other creditor.* *Act of* 1798, *ch.* 101, *sub-ch.* 9, *secs.* 9, 14, 15. 3 *G. & J.*, 38, *Owens vs. Collinson.* An administrator cannot sue *himself* at law, and the statute of limitations cannot apply to his claim against the estate. 4 *Md. Ch. Dec.*, 368, *Brown vs. Stewart. Ibid.*, 464, *Spencer vs. Spencer.* 1 *Gill*, 32, *State use of Stevenson, vs. Reigart.* The claim was not barred at the death of Notley Young. The auditor so states in his report, and besides Notley Young held this land as *trustee* for his daughter, who was a *minor* during most of the period he so held it. The *character* of the claim, therefore, forbids the application of the statute. But if it was so barred at the death of Notley Young, the authorities already cited, show that it makes no difference. The claims in both cases, in 4 *H. & J.*, 259 and 527, were barred at the *death of the testator.*

*C. C. Magruder* for the appellee, argued for an affirmance:

1st. Because the claim was barred by the statute at the time of the death of Notley Young, and the credits of payments endorsed upon it by the administratrix of the deceased, who was also the claimant, do not revive it as against the administrators *de bonis non.* 12 *Wheat.*, 565, *Thompson vs. Peter.* 7 *Conn.*, 176, *Peck vs. Botsford.* 2 *Pick.*, 567, *Richmond, Adm'r Ex-parte.* 3 *Wend.*, 502, *Rogers vs. Rogers.* 2 *Ves. & Bea.*, 275, *Burke vs. Jones.* 1 *Whart.*, 66, *Fritz vs. Thomas.* 17 *Johns.*, 182, *Rooseboom vs. Billington.* 6 *Johns. Ch. Rep.*, 266, 293, *Roosevelt vs. Mark.* All the

cases cited on the other side, are cases where the claims were *not barred* at the *death of the testator*.

2nd. Because the claim did not originate in a *trust*, which would exempt it from the operation of the statute of limitations. 4 *Md. Rep.*, 363, *Young vs. Mackall.* 7 *Johns. Ch. Rep.*, 90, *Kane vs. Bloodgood.*

3rd. Because the claim was barred by limitations, when filed in the chancery cause. 12 *G. & J.*, 36, *Hall vs. Creswell.*

TUCK, J., delivered the opinion of this court:

The account of Martha Young, the appellant's testatrix, on which this controversy arose, was proved on the 4th of December 1848, and afterwards passed by the orphans court. There are endorsed on the claim a payment of $400, on the 1st of December 1848, and another of $600, on the 1st of January 1849. The affidavit is not strictly in form, but this objection is obviated by its having been passed by the orphans court. *Owens vs. Collinson*, 3 *G. & J.*, 25. This case also shows, that claims of executors and administrators, stand on the same footing with those presented by other creditors of deceased persons.

According to the evidence the property, for the rents of which claim was made, was delivered up by Notley Young, in January 1843; so that the statute was in motion, as to the whole claim, from that time, (if not before as to parts of it,) unless as was contended in argument, his relation to the property was such as to exclude this defence, or the claimant was a minor; as to which, however, we are not informed by the record.

Martha Young the appellant's testatrix, became administratrix of Notley Young in 1847, and died in the summer of 1849, having, as we have said, proved her account and had it passed by the orphans court. At what time the claim was filed in chancery does not appear; but we find it referred to, "as per account filed in the cause," by the appellant in his account as executor of Martha Young, exhibited in chancery on the 20th of November 1849; and it was noticed and acted upon by the auditor in October 1850. On the 16th of

November of that year, it was objected to, as not proved, and on the plea of limitations. The appeal is taken from an order ratifying the account of the auditor, by which the claim was rejected as to the personal estate.

That a part payment by an administrator will take a case without the operation of the statute, as against the administrator *d. b. n.*, was settled by this court, in the case of *Quynn vs. Carroll's Adm'r.*, ( *Ante*, 197.) The only difference between the cases is, that here the administratrix was the creditor, and instead of receiving a part payment from another person, as administratrix she retained one thousand dollars, in two sums, as credits on her account. But we do not perceive how this can affect the application of the principle. The claims of administrators are placed on equal footing with others of the same nature; *act of* 1798, *ch.* 101, *sub-ch.* 8, *sec.* 19.   3 *Gill & Johns.*, 25. They may retain for them when proved and passed; and are not required to plead limitations to the claims of others, if believed to be just; *sub-ch.* 9, *sec.* 9.   Besides, how is the statute to be avoided, where the estate cannot be closed before it would bar the administrator's claim? He cannot sue himself. This was decided in *State use of Stevenson, vs. Reigart*, 1 *Gill*, 1, where a suit was instituted on an administrator's bond, to recover the amount of a judgment obtained against the administrators.   One of the administrators was a creditor of the deceased, and the question was, whether, in that action, she and her co-obligors in the bond, could set up that claim, as an unpaid debt of the deceased, and thereby reduce the amount which, it was conceded, the plaintiff would otherwise be entitled to recover.   One of the objections to her claim was, that it was barred by limitations, (see plaintiff's 19th prayer, page 23,) to which the Court of Appeals said, (page 32:) "The prayer was properly rejected. Mrs. Stevenson being one of the personal representatives of her husband, could institute no suit against herself, at law; the act of limitations, therefore, did not apply to the case, and created no bar to the recovery of her claim." We consider this an adjudication, that so long as the creditor is administrator, the statute can have no effect upon the demand. To this extent, such cases are exceptions to the

doctrine, that when the act begins to run against a claim nothing arrests its operation.   A different construction would place the administrator in a worse predicament than other creditors, when the law declares that he shall' stand on equal footing with them.

*Order reversed and cause remanded.*