BRAMHALL et al. v. BROSNAN. BROSNAN v. BRAMHALL, et al. SAME v. McCARTHY et al.

(Court of Appeals of District of Columbia. Submitted April 7, 1925. Decided May 4, 1925.)

Nos. 4243, 4276, 4277.

1. **Executors and administrators** ⊙═506(3)— **Shares of corporate stock standing in administrator's name held not shown to have been property of decedent, for which administrator was required to account.**

Shares of corporate stock standing in administrator's name *held* not shown to have been property of decedent, for which administrator was required to account.

2. **Executors and administrators** ⊙═93(1)— **One controlling business in his own right and as executor, and paying himself excessive salary and bonuses, held liable to distributees of estate.**

One who, in his own right and as administrator of another, controlled practically all stock of business concern, and paid to himself excessive salary and bonuses, *held* liable to account to distributees of estate.

3. **Equity** ⊙═39(1)—**Equity favors such remedies as do complete and final justice.**

Equity favors such remedies as do complete and final justice.

4. **Executors and administrators** ⊙═35(1)— **Removal of administrator held warranted.**

Removal of administrator, who as such and in his own right controlled insurance business and paid himself excessive bonuses and salary, *held* warranted.

5. **Appeal and error** ⊙═1043(6)—**Receipt in evidence of deposition of witness, whose personal attendance could have been had, held not reversible error.**

Admission in evidence of depositions of witness, whose personal attendance could have been had, *held* not reversible error, though practice not approved.

Appeals from Supreme Court of District of Columbia.

Two petitions, one by Mary Bramhall, Irene McCarthy, and others against John Brosnan, Jr., praying for his removal as administrator of the estate of John Brosnan, Sr.; the other by the same petitioners against John Brosnan, Jr., individually and as administrator of the estate of John Brosnan, Sr., deceased, and others, praying an accounting and general relief. From a decree removing defendant John Brosnan, Jr., from office of administrator and stating an account, defendant John Brosnan, Jr., prosecutes two appeals, and petitioners one. Decrees affirmed.

No. 4243:

W. G. Gardiner and J. W. Tomlinson, both of Washington, D. C., for appellant.

R. M. Parker, W. J. Lambert, R. H. Yeatman, and May Thorpe Bigelow, all of Washington, D. C., for appellees.

Nos. 4276 and 4277:

W. J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellants.

W. G. Gardiner and J. W. Tomlinson, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The questions involved in these appeals arise upon petitions filed in the lower court for the removal of John Brosnan, Jr., as administrator of the estate of John Brosnan, Sr., deceased, for an accounting between the administrator and the estate, and for the recovery of claims alleged to be due to the estate, either immediately or ultimately, from certain of the defendants. The various issues were consolidated for trial below, and are considered together in this opinion.

John Brosnan, Sr., a resident of the District of Columbia, died intestate on May 7, 1917, leaving one son and five daughters, no widow surviving him. On September 21st of the same year the son, John Brosnan, Jr., became the administrator of his father's estate. The chief asset of the estate consisted of 498 shares of the capital stock of the Provident Relief Association, an insurance company having its general offices in the city of Washington. The par value of the stock was $25 per share; the 498 shares, however, were inventoried and appraised at $15,936. At the time of decedent's death the certificates for these shares were held by the Munsey Trust Company, a Washington bank, as collateral security for a note for $40,000 given to that company by decedent and his son as joint obligors. The bank also held as additional collateral for the note certain certificates for 497 shares of stock of the same association, standing in the name of John Brosnan, Jr. At the time of his decease, John Brosnan, Sr., was president, and John Brosnan, Jr., was vice president and general manager, of the association, the total capital stock of which was 1,000 shares; 995 of these standing as aforesaid in the names of the two parties.

On January 18, 1918, the administrator filed his first account, listing therein the 498 shares of capital stock held by the Munsey

Trust Company as aforesaid, with the statement that the debt thereby secured was an obligation owed by the decedent and John Brosnan, Jr., in equal shares. The account charged the administrator with all of the other assets of the estate, and credited him with various disbursements, showing a balance of $1,423.88 due to him because of overpayments made on behalf of the estate. The account was regularly approved and passed by the court on October 25, 1920. Since that time the administrator has filed no formal account, but has twice filed affidavits in lieu thereof, stating in each instance that no additional assets had come into his hands since the filing of the first account.

On April 21, 1922, the five sisters of the administrator filed a petition in the Supreme Court of the District charging him with maladministration of the estate, and praying for his removal and the appointment of a successor. Afterwards, to wit on September 27, 1922, the same parties filed a second petition against the administrator, joined with codefendants Richard M. Parker, Eunice V. Avery, the Munsey Trust Company, Julius W. Tolson, Charles D. Lancaster, Marguerite Hunt, and the Provident Relief Association, praying for an accounting and general relief in relation to the transactions of the administrator, and to their rights in said estate. These several petitions were consolidated for trial as aforesaid, and on July 7, 1924, the court, having heard the evidence, entered a decree whereby the administrator was removed, his successor appointed, and an account stated upon the issues presented in the case.

The administrator thereupon appealed from the court's decree removing him from said trust, and likewise appealed from the decree entered by the court upon the second petition. The petitioners also appealed from the latter decree. We shall briefly state the various complaints presented by the several appeals, together with our views upon them.

[1] The petitioners below claimed that the 497 shares of capital stock of the Provident Relief Association standing in the name of John Brosnan, Jr., at the time of his father's decease, actually belonged to said decedent, and that the administrator should be required to account for them as part of decedent's estate. The lower court rightly overruled this claim. The record contains a copy of the stock certificates in question, which were issued in the name of John Brosnan, Jr., attested by John Brosnan, Sr., as president of the company, and by T. W. Bramhall as its secretary, the last one dated more than a year before the death of decedent, and all listed in the name of John Brosnan, Jr., upon the books of the Association. Moreover the certificates were delivered to the Munsey Trust Company as collateral by John Brosnan, Jr., before his father's death, as part of the transaction aforesaid in which the latter took an active part. There is nothing in the record to sustain the claim that John Brosnan, Sr., was the owner of these shares at the time of his decease.

[2] The petitioners also complained that John Brosnan, Jr., came into complete control of the Provident Relief Association after his father's death, since he then represented the shares owned by the estate as well as those standing in his own name, and that he used this authority to secure an excessive and illegal salary and bonus for himself from the association. The lower court rightly sustained this complaint, and found the sum of $29,296.79 to be due from the administrator to the estate because of such excessive and illegal payments, at the same time, however, finding him entitled to a credit of $26,462.71 because of payments made by him upon the estate's indebtedness to the Munsey Trust Company as aforesaid, leaving a net balance due the estate from the administrator in the sum of $2,834.08, which he was ordered to pay over to his successor. We shall not review the evidence upon this subject, but content ourselves with saying that it sustains the lower court's finding and decree upon this point.

[3] It is true that this procedure seems anomalous, in that it sets off a debt due from John Brosnan, Jr., to the association against a debt due to John Brosnan, Jr., from the estate. It should be remembered, however, that the two Brosnans virtually owned the association, that the rights of creditors are not in jeopardy, and that equity favors such remedies as do complete and final justice to all parties before the court. The action of the lower court is justified by this consideration.

The petitioners furthermore complained that, with the connivance of the administrator, the defendant Eunice V. Avery obtained large sums of money wrongfully and unlawfully from the said association, and demanded an accounting therefor. The lower court rightly held that the evidence failed to sustain this complaint, and she was dismissed from the case, as also were defendants Richard M. Parker, the Munsey Trust Company, Julius W. Tolson, Charles D. Lancaster, and

Marguerite M. Hunt, whom the evidence totally failed to charge with any liability under the issues. The lower court also rightly overruled the complaint of the petitioners for an accounting from the administrator relative to the value of certain real estate conveyed by John Brosnan, Sr., to the Provident Relief Association, since the evidence upon this point was not sufficient to make out a prima facie case. The same is true, also, concerning the charges of the petitioners relative to the miscellaneous items appearing in the accounts of the association.

[4] We also approve of the decree of the lower court removing the administrator and appointing his successor. The reasons for this action sufficiently appear in the foregoing statement. See, also, Brosnan v. Brosnan et al., 53 App. D. C. 149, 289 F. 547.

[5] We have considered the exceptions taken by the administrator to the admission of the depositions of C. H. Pope as evidence at the trial, when his personal attendance as a witness could have been had. We do not mean to approve of this practice, but it manifestly resulted in this instance from the confusing expressions of consent made by counsel at the trial, and under the circumstances was not reversible error.

Nor have we overlooked the claim of the administrator that he should be allowed a credit in the sum of $1,423.88, when accounting with his successor, because of the overpayment shown by his first account. The testimony discloses, however, that the items of interest paid upon the bank debt which made up the overpayment are taken care of by the credits herein allowed the administrator as against his excessive salary aforesaid.

We find it proper, also, to add that under the decree of the lower court, as herein affirmed, it is the duty of the removed administrator, John Brosnan, Jr., to pay and deliver over without delay to his successor in said trust, the National Savings & Trust Company, each and all of the assets of said estate, and that it is the duty of the new administrator to demand from the former administrator such assets as are specifically named and provided for by the lower court's decree as herein affirmed, and also any and all other assets of the estate which it may find, after a full investigation of all said matters, to be rightly recoverable from him for said estate.

The several decrees of the lower court are affirmed in every particular; the costs to be assessed against John Brosnan, Jr.