IN RE ESTATE OF LOUIS H. REIFSTECK.
HILMA REIFSTECK v. CLARENCE REIFSTECK.[1]

May 8, 1936.

No. 30,772.

[1]Reported in 267 N. W. 259.

*J. M. Millett,* for appellant.

*George W. Peterson* and *Joseph F. Cowern,* for respondent.

LORING, JUSTICE.

This is an appeal from an order denying the motion of defendant, Clarence Reifsteck, for judgment notwithstanding the verdict or for a new trial.

Hilma Reifsteck, the claimant, is the widow of Louis H. Reifsteck, who died intestate in 1933. Clarence Reifsteck is the son of Louis H. by a former marriage. Plaintiff and Louis H. were married in 1916, and thereafter until Louis' death they both worked at the State Hospital in Hastings. Each drew a salary from the state, and part of their living expenses were also paid by the state. During their several years of marital life Mrs. Reifsteck turned over to Louis a substantial part of her earnings. Both were very thrifty, and upon Louis' death his estate was comprised of two houses, one of which was the homestead, and certain personal property. Mrs. Reifsteck was appointed administratrix of the estate. She was given the statutory allowances to which widows are entitled. Shortly after her appointment as administratrix she filed a claim against the estate amounting to over $7,000, that amount being the total of her earnings which had been turned over to her husband. It was her claim that the funds so turned over to him were to be held by him in trust and that no part of the money was intended as a gift. The claim was allowed by the probate court. Appellant objected to the claim. Mrs. Reifsteck as administratrix refused to take an appeal from the allowance of the claim, and Clarence appealed to the district court and pleadings were drawn under 2 Mason Minn. St. 1927, § 8989. A jury returned a verdict for the widow, and this appeal was taken.

Appellant now claims that the complaint does not state a cause of action; that the administratrix and claimant are the same person and therefore she cannot bring an action against herself; that the verdict is not justified by the evidence; and charges errors of law occurring at the trial.

2 Mason Minn. St. 1927, § 8772, provides for the appointment of administrators of decedents' estates. Under that section widows are to be given preference over other interested parties. The section also provides for the appointment of creditors. Mrs. Reifsteck was both widow and creditor. We think that this action was not a suit by Mrs. Reifsteck against herself.

"If [an executor], in his individual capacity, he has an ordinary claim against the estate which is the subject of litigation, the opposition will be furnished not by the *res*, which is the subject of the litigation, but by one or more of the individuals, an heir or another creditor, adversely interested." In re Estate of Peterson, 197 Minn. 344, 267 N. W. 213.

Here the opposition is furnished by an heir, Clarence Reifsteck.

With the allegation that the complaint does not state a cause of action we cannot agree. The complaint alleges that Mrs. Reifsteck turned over to the decedent her monthly wages and that the money so turned over was not a gift to the husband but was held in trust by him for her. Under those circumstances we conclude that a cause of action was alleged.

It is unnecessary to set out in detail the evidence introduced by respondent in support of her claim. There seems to be little question that Mrs. Reifsteck earned and turned over to Louis the amount of money now claimed by her. Aside from conveyances of real estate, the married women's acts, 2 Mason Minn. St. 1927, §§ 8616-8623, gives to married women the same legal rights during coverture that they would have if they were single. In Stickney v. Stickney, 131 U. S. 227, 238, 9 S. Ct. 677, 680, 33 L. ed. 136, a case where similar facts were involved, the court said:

"There would be no presumption, since the passage of the Married Woman's Act, that she intended to give to her husband the moneys

she placed in his hands, any more than a gift would be inferred from a third person who in like manner deposited money with him. If there be no proof of indebtedness to the party receiving the moneys, the presumption would naturally be that they were placed with him to be held subject to the order of the other party, or to be invested for the latter's benefit. We think that whenever a husband acquires possession of the separate property of his wife, whether with or without her consent, he must be deemed to hold it in trust for her benefit, in the absence of any direct evidence that she intended to make a gift of it to him."

We think that decision disposes of the case at bar as to the merits.

Mrs. Reifsteck, in an inventory of the estate, previous to the filing of her claim, included all the property now claimed by her, as part of her husband's estate. We do not think that is here important or that it estopped her from claiming that it was held in trust. The property was in the name of the decedent. On its face, title to the property belonged to him. The widow is not precluded from claiming the property so held by including it in the inventory of the estate.

The various assignments of error with reference to the admission and exclusion of certain evidence have all been examined and are found to be without merit.

Affirmed.