**PERKINS v. BERGER.**

No. 8697.

United States Court of Appeals
District of Columbia.

Argued Nov. 10, 1944.

Decided Nov. 27, 1944.

Mr. Harry L. Ryan, Jr., of Washington, D. C., for appellant.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from an order of the District Court, sitting as a Probate Court,[1] which removed appellant as administratrix c.t.a. of her son's estate. The son's will divided the residuary estate between appellant and appellee. Appellant, as a creditor in her own right, filed substantial claims against the estate. Most of them were subject to the bar of the statute of limitations. The court removed appellant and substituted a disinterested person as administrator, upon appellee's petition, on the sole ground that appellant was not a suitable person to exercise in respect to her own claims the discretion conferred by this statute: "It shall not be considered as the duty of an executor or administrator to avail himself of the act of limitations to bar what he supposes to be a just claim, but the same shall be left to his honesty and discretion."[2]

The Probate Court is empowered "to grant and, for any of the causes hereinafter mentioned, to revoke letters testamentary, letters of administration * * *."[3] Like its predecessors, the Orphans' Courts of Maryland and of the District of Columbia, the Probate Court has limited jurisdiction.[4] The Code provides that the Probate Court "shall not, under pretext of incidental power, or constructive authority, exercise any jurisdiction whatever not expressly given by this code."[5] It follows that "unless power to remove an executor for a particular cause can be found in the statute, or by necessary inference therefrom, it does not exist."[6] The statutory causes for removal of an administrator are substantially the same as those for removal of an executor. These are collected in the case just quoted. They do not include, either expressly or by necessary inference,

---

[1] D.C.Code 1940, §§ 11—501 to 11—520.
[2] D.C.Code 1940, § 18—515.
[3] D.C.Code 1940, § 11—504.
[4] Miniggio v. Hutchins, 43 App.D.C. 117; Richardson v. Daggett, 24 App.D. C. 440; Cook v. Speare, 13 App.D.C.

446, 451; Fidelity & Deposit Co. of Maryland v. McQuade, 74 App.D.C. 383, 385, 123 F.2d 337.
[5] D.C.Code 1940, § 11—512.
[6] Hawley v. Hawley, 72 App.D.C. 357, 358, 114 F.2d 505, 506.

the assertion of a stale but just claim against the estate. To the contrary, the Code expressly provides for administration by persons who assert claims against the estate,[7] and it does not suggest that stale claims are an exception.

Moreover, the probate statutes of the District of Columbia are largely copied from those of Maryland.[8] The provision which authorizes an administrator to decide whether or not to set up the statute of limitations is copied almost verbatim from a Maryland statute.[9] The Maryland courts have held that an administrator is not bound to plead the statute of limitations against a claim which he asserts as a creditor and which he regards as just.[10]

Adoption by Congress of a state statute carries with it, as a general rule, judicial interpretations of the statute.[11]

Appellant's claims will of course be critically examined by the Probate Court and will not be allowed unless the court is satisfied that they are just.[12] It is no more inequitable that a fiduciary should be permitted to pass, in a preliminary way, upon the justice of her stale claims than upon the validity of her timely claims. Whatever may be the rule in other jurisdictions,[13] we think the statutes of the District of Columbia do not support the court's action in removing appellant as administratrix.

Reversed.

---

[7] §§ 20—216, 20—201, 20—103.

[8] Clawans v. Sheetz, 67 App.D.C. 366, 92 F.2d 517; Watkins v. Rives, 75 U.S. App.D.C. 109, 125 F.2d 33.

[9] Md.Ann.Code 1939, art. 93, sec. 103; Code 1888, art. 93, sec. 98.

[10] Semmes v. Magruder, 10 Md. 242; Spencer v. Spencer, 4 Md.Ch. 456, 465; Brown v. Stewart, 4 Md.Ch. 368, 374;

State, Use of Stevenson, v. Reigart, Md., 1 Gill 1, 32, 39 Am.Dec. 628.

[11] Carolene Products Co. v. United States, 65 S.Ct. 1.

[12] D.C.Code, 1940, § 18—512. Cf. Yingling v. Hesson, 16 Md. 112, 120; Bowling v. Lamar, Md., 1 Gill 358, 360, 363.

[13] 144 A.L.R. 940, 990, 994; L.R.A. 1915B, 1016, 1019–1039.