218 F.2d 850
 Joseph W. BELT et al., Appellants,
v.
James C. TOOMEY, Collector of the Estate of Worthington W. Holton, Appellee, and
Joseph W. Belt, Administrator d.b.n. of the Estate of Mary B. Holton, deceased, Intervenor.
 No. 11169.
 United States Court of Appeals, District of Columbia Circuit.
 Argued November 11, 1954.
 Decided December 2, 1954.
 
 Mr. Charles B. Sullivan, Jr., Washington, D. C., for appellants and for intervenor. Mr. James F. Bird, Washington, D. C., filed a brief for appellants.
 Mr. James C. Toomey, Washington, D. C., appellee, pro se.
 Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Worthington W. Holton was appointed administrator of the estate of his deceased wife. Shortly thereafter, he brought suit in his individual capacity against himself as administrator, joining all of his wife's next-of-kin as co-defendants, and alleging that certain property found among his wife's assets was in fact held in constructive trust for him. After an extensive trial, the District Court gave judgment for the plaintiff. The co-defendants appeal.[1]
 
 
 2
 The principal contention of appellants is that no one can bring suit against himself. Correct as that proposition may ordinarily be, and ill-advised as Holton may have been in his choice of procedure, we think that at the present juncture the objection is purely a technical one. In considering a similar question, the United States Supreme Court has indicated that the realities of the situation must govern. United States v. Interstate Commerce Commission, 1949, 337 U.S. 426, 430, 432, 69 S.Ct. 1410, 93 L.Ed. 1451. Here, as in that case, there is clearly a justiciable controversy; all interested parties have been joined; and a vigorous defense to the claim has been presented. We think, therefore, that the District Court did not commit reversible error when it permitted the instant suit to proceed. See In re Reifsteck's Estate, 1936, 197 Minn. 315, 267 N.W. 259; cf. Sullivan v. Boyle, 1949, 193 Md. 421, 67 A.2d 246.
 
 
 3
 We have considered the other contentions of appellants, but find no error affecting substantial rights. In particular, we consider that appellants have failed to show that the trial judge's findings of fact were clearly erroneous. See Wynne v. Boone, 1951, 88 U.S.App. D.C. 363, 191 F.2d 220.
 
 
 4
 The judgment of the District Court will accordingly be
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Mr. Holton died while this appeal was pending. After our decision in Belt v. Lynn, 1954, 94 U.S.App.D.C. ___, 211 F.2d 431, James C. Toomey was appointed collector of his assets