Harry A. GOLDSBOROUGH, Appellant,

v.

John MARSHALL et al., Appellees.

Harry A. GOLDSBOROUGH, Appellant,

v.

William T. WARD et al., Appellees.

Nos. 13380, 13381.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 17, 1956.

Decided March 21, 1957.

■

---

3. Cf. Perkins v. Elg, 1939, 307 U.S. 325, 350, 59 S.Ct. 884, 83 L.Ed. 1320; Shachtman v. Dulles, 1955, 96 U.S.App.D.C. 287, 292, 225 F.2d 938, 943.

Mr. Joseph J. Malloy, Washington, D. C., for appellant.

Mr. Foster Wood, Washington, D. C., for appellees Roy U. Carlisle, Ralph W. E. Carlisle, Beatrice E. Rusk, Sara V. Cassel and Marion V. Padgett. No appearance for appellees Marshall and Ward.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

The deceased, Mrs. Susannah Viola Goldsborough, left a husband and six children (by a former marriage) surviving her. Controversy arose as to whether certain real estate standing in the deceased wife's name and a sum of money deposited in the husband's name were in fact the property of the husband. The husband and one of the daughters were nevertheless appointed as co-administrators of the estate. Subsequently the daughter filed a motion as administrator for removal of the husband as coadministrator. Following arguments at a hearing, the District Court removed both previously-appointed co-administrators and appointed a neutral party in their place. The husband appeals from that order and also from a subsequent order replacing (by another neutral) the neutral party first selected. The other former co-administrator not only makes no objection to her own removal but urges that the court's action was a proper exercise of discretion.

Under all the circumstances, we consider that the District Court did not abuse the authority conferred upon it by Section 20–107 of the District of Columbia Code 1951. That section empowers the court, in the case where one joint administrator complains that he fears that he is "likely to suffer" by an improper use or misapplication of assets by the co-administrator, to remove the latter and to leave the complaining administrator in charge of the estate, "if said complaint shall be adjudged well founded." [1] Here the daughter's com-

---

1. The full text of Section 20–107 is as follows:

"If any joint executor, administrator, or collector shall apprehend that he is likely to suffer by the negligence or misconduct in the administration or the improper use or misapplication of the assets of the estate by any co-executor, co-administrator, or co-collector, he may make complaint to said court; and if said complaint shall be adjudged well founded, the court shall have authority, in its discretion, to revoke the powers and authority of the executor, administrator, or collector so complained of and to compel the delivery and surrender to the remaining executor, administrator, or collector of the assets and all books, papers, and evidences of debt of the estate that may be in the possession or control of the person so dismissed from the administration; and the remaining execu-

plaint alleged inter alia that the husband claims ownership of some $8,900 belonging to the estate, and was well founded in the sense that a real controversy as to ownership existed, and that the husband was occupying an equivocal position.[2] We do not interpret the statutory language as necessarily requiring the complaint to be adjudged well founded in the sense that there be a final determination on the merits of the question of ownership of the controverted property, before removal can be had. Since a complaint may be filed if the joint administrator apprehends that he is *likely to suffer by the misapplication* of assets, and thus before the misapplication has occurred, the statute plainly does not contemplate a determination on the merits in all cases, although of course this may properly be had in an appropriate situation. Moreover, the statute provides that the remaining administrator "shall be entitled to recover, in an action on the case, for any loss or damage" suffered as a result of the actions of the one re-

moved. In the case of assets alleged to be misapplied, the statute would hardly mention a subsequent suit to recover if the merits were required to be determined before removal was had.

Under the Maryland statute, virtually identical to this one, it has been stated that no action (other than an application under the statute) can be taken by one administrator against his co-administrator to recover property so long as the letters of the one complained of remain unrevoked. Flaks v. Flaks, 1938, 173 Md. 358, 364, 196 A. 116, 119.[3] An administrator who is obliged to defend the estate against a claim asserted by himself is in a situation both anomalous and difficult.[4] The difficulty is enhanced where there are joint administrators. The framers of the statute evidently recognized that the administration of the estate would be defeated or at least severely hampered if the joint administrators, who should consult, cooperate, and join in every act, are antagonistic

tors, administrators, or collectors shall be entitled to recover, in an action on the case, for any loss or damage they may suffer through the executor, administrator, or collector whose powers shall have been revoked as aforesaid."

2. No evidence was taken but the sworn separate inventory of the daughter lists the sum of money in question as an asset of the estate. Her petition for letters of administration stated that the decedent left cash of $8,900 in her home at date of death and a statement in the argument of the husband's counsel tends to confirm that decedent at sometime before her death held the money. The husband admittedly claims ownership and has omitted the item in his separate inventory.

3. Flaks involved a second petition by the complaining executor that issues relating to his charges of fraud, misrepresentation, and undue influence, which were vigorously denied by the co-executor, be sent to a court of law for trial by a jury under Sections 263 and 264 of Article 93 of the Maryland Code. Our Code has somewhat similar sections. Sections 11–509 and 11–510. Cf. also Sections 18–303, 18–304 and 18–305 of the Code.

No other helpful decision under the Maryland statute has been found. For-

ney v. Shriner, 1883, 60 Md. 419, was a case involving negligence or misconduct and not one where the administrators under attack asserted title to the assets of the estate held by them. The order removing them was remanded to the Orphans' Court for re-examination to ascertain whether they had complied with the order to deposit funds in their hands, admittedly belonging to the estate, in a bank, and if so, to allow them to retain their office until some subsequent negligence or misconduct was alleged and proved against them.

4. In Sullivan v. Doyle, 1949, 193 Md. 421, 429–430, 67 A.2d 246, 250, the court held that an administrator sole, who file a disputed claim against the estate, should be removed even in the absence of a statute directing or authorizing removal, because he has placed himself in contradictory positions, and could not sue himself individually in his capacity as administrator. But see Perkins v. Berger, 1944, 79 U.S.App.D.C. 286, 145 F.2d 856 (administrator sole held not removable for asserting a stale claim against the estate). Cf. Belt v. Toomey, 1954, 95 U.S.App.D.C. 39, 218 F.2d 850; Randall v. Bockhorst, 1956, 98 U.S.App.D.C. 77, 232 F.2d 334.

because of conflicting claims,[5] and provided for removal so that administration might proceed smoothly, leaving the controversy to be resolved by appropriate proceedings. We think that the husband's removal was authorized by Section 20–107. Surely, if the court removes both administrators, with the consent of the complaining one, the purpose of the statute has been adequately served. No question is before us as to whether some other person having a statutory preference should have been appointed in their stead.

Brosnan v. Brosnan, 1923, 53 App.D.C. 149, 289 F. 547, relied on by appellant, was decided under Section 20–504 of the Code, a section which is clearly framed to authorize removal upon the petition of a person interested in the estate only *after* a determination on the merits that the executor or administrator has concealed or failed to inventory assets *and after* he has failed to comply with an order for an additional inventory. The statutory provision relating to joint administrators is, of course, quite different.[6]

For these reasons, we think the action of the District Court was correct. The court's first order, removing appellant and appointing a neutral party as administrator, became in practical effect a nullity in the latter aspect, as the person thus appointed declined the appointment. By a second order, the court thereupon appointed another neutral party as administrator. Because this second order was entered during the time when the appeal from the first order was pending here, appellant argues that the District Court had no jurisdiction to enter it. We disagree. It is of course the general rule (subject, however, to some qualifications) that an appeal suspends the power of the court below to proceed further in the cause, and it may not finally adjudicate substantial rights directly involved in the appeal. Newton v. Consolidated Gas Co., 1922, 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538. The substantial rights directly involved in the appeal from the first order related to whether appellant should have been allowed to continue to administer the estate. The appointment of a second neutral administrator after the first neutral administrator declined the appointment did not finally adjudicate substantial rights involved in that appeal and, in fact, had no bearing on the rights or questions involved therein. In the circumstances the District Court had authority to protect the assets of the estate, and did not abuse its discretion by acting as it did. Newton v. Consolidated Gas Co., supra. Accordingly, the appeal from the first order (No. 13,380) became moot, so far as that order appointed a neutral administrator, when the administrator named in the first order declined the appointment and another neutral administrator was appointed under the second order. The appeal from the first order, therefore, will be dismissed as moot insofar as it deals with the appointment of a new administrator; insofar as it deals with appellant's removal the order will be affirmed. The second order (in No. 13,-381) will be affirmed.

So ordered.

---

5. See Williams v. Williams, 1904, 24 App. D.C. 214, 217, and 1905, 25 App.D.C. 32, 35.

6. That the statute here involved does not require the determination on the merits contemplated by the statute at issue in Brosnan v. Brosnan, supra, is supported in yet another respect by a comparison of the language used in the two provisions. Section 20–504 provides that the court shall "finally adjudge and decree in favor of the allegations of the petition," whereas Section 20–107 authorizes removal "if said complaint shall be adjudged well founded." When the D.C. Code was first promulgated by Congress, these provisions appeared as Sections 124 and 125, 31 Stat. 1189, 1210 (1901), and in this juxtaposition, the significance of the phrase "finally adjudge" is clear.