**Helen ROTHENBERG, Caveator, Estate of Pincus Rothenberg, Deceased, Appellant,**

**v.**

**Allen ROTHENBERG et al., Appellees.**

**No. 15098.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 27, 1959.

Decided Dec. 17, 1959.

Petition for Rehearing En Banc Denied
Jan. 8, 1960.

Mr. Francis W. Taylor, Washington, D. C., with whom Mr. A. David Kelso, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Arthur L. Willcher, Washington, D. C., with whom Mr. T. S. L. Perlman, Washington, D. C., was on the brief for appellees. Mr. Bernard Shankman, Washington, D. C., also entered an appearance for appellee Herman Rothenberg.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

### DANAHER, Circuit Judge.

Appellant as widow of the late Pincus Rothenberg filed a caveat against his will. The District Court on motion of the appellees [1] dismissed the caveat, and this appeal followed.

■ Appellees argue that the widow is not a "party in interest" within the meaning of D.C.Code § 19–307 (1951). Relying upon Kimberland v. Kimberland,[2] they say the widow lacks standing when "she has the statutory power to renounce her deceased spouse's will and to claim the same share of the estate as she would take by intestacy if the will were held invalid." The District Court had agreed with that contention. In Kimberland the caveator argued that his "different" share or claim stemmed from the possibility that he might be appointed administrator. We then deemed that contingency too remote to predicate standing, and do so now to the extent that appellant here relies upon any such claim.

But a very different element is otherwise presented on this record. The interrogatories to the caveator and her verified but unchallenged and uncontroverted replies are before us. We need not catalogue details which, as they now appear, disclose that a substantial issue attends the execution of the will and the testator's capacity at the time. This factor is relevant and may be critical since the executor in seeking probate of the will listed among the testator's debts, one of $18,670.02 to his son and another of $11,515.76 to the daughter. The record indicates that both claims might be barred by the statute of limitations.[3] In the first clause of the will, the testator acknowledges his indebtedness to his son and daughter, directs his executor to make that indebtedness a first charge upon all his property, and after an accounting, to pay the amount of such debts to his son and daughter. Such directions, if executed, will place the son and daughter in such position that possibly stale claims, if allowed, will depreciate the dollar value of the widow's share by as much as $10,000.

D.C.Code § 18–515 (1951) provides: "It shall not be considered as the duty of an executor or administrator to avail himself of the act of limitations to bar what he supposes to be a just claim, but the same shall be left to his honesty and discretion."

■ Under that statute, if this were an intestate estate, the administrator whoever he might be,[4] would first pass upon the justice of the claims. Then, after they shall have been critically examined by the Probate Court, they still would not be allowed,[5] unless the court be satisfied that they are just. Such prerequisites must be established, not only to permit of an allowance of the stale claims by the administrator but to justify an allowance of the administrator's account by the Probate Court.

---

1. Appellees are the executor, a brother of the testator, and the testator's son and daughter by a previous marriage.

2. 1953, 92 U.S.App.D.C. 145, 204 F.2d 38.

3. As to the effect of which we now express no opinion.

4. Appointment of an administrator must conform to our statutes. Randall v. Bockhorst, 1956, 98 U.S.App.D.C. 77, 82, 232 F.2d 334, 339. As to the possibility of appointing a neutral party, see Brooks v. De Lacy, 1958, 103 U.S.App. D.C. 223, 257 F.2d 227; Goldsborough v. Marshall, 1957, 100 U.S.App.D.C. 134, 243 F.2d 240.

5. Perkins v. Berger, 1944, 79 U.S.App.D.C. 286, 145 F.2d 856.

No less strict compliance is required of an executor. What facts will establish the justice of a stale claim are largely left by the statute "to his honesty and discretion." At this juncture, then, we reexamine the facts so far disclosed of record. The appellees in their brief argue to us that "the children may offer the will as evidence in proof of their claims, the will being a written admission by the testator of his indebtedness." But the caveat charges that the named executor was one of those whose conduct procured the will to be so written. All appellees would look to the will as important evidence to establish the claims. It may be developed by evidence that the son's claim was eleven years and the daughter's, some six years or more, past due. The executor in his petition for letters testamentary specifically identified the son's claim as a debt which had been so acknowledged in the will. The executor's allegation as to the daughter's claim was of like tenor and import, particularly when read in context with the terms of the will.

Under such circumstances, whether or not a *valid* will was executed becomes material. Whether or not the purported acknowledgment of the debts in question represented the will of the testator, or of some other party or parties, presents an issue as to which the caveator is entitled to a jury trial. While in any event, whether the will be valid or not the son and daughter must prove that just debts in fact are owing,[6] it may yet develop that the purported testamentary acknowledgment by the testator is to be vitiated. The widow as caveator is not to be bound by language in a void instrument whether it be a will or any comparable document for which like effect is claimed. Surely, if the son and daughter had through fraud procured the testator's signature on a note, it would not be contended that a valid debt could nevertheless be so evidenced. In Moore v. Snider,[7] we strictly

construed the requirements for revival of a debt barred by the statute of limitations. We held that the party charged was entitled to show in a trial that her signature had been procured through false representations. We reversed the District Court which had entered judgment on the pleadings.

We have said enough to indicate why the exceptional circumstances herein noted served to distinguish this case from Kimberland v. Kimberland, supra. Accordingly, we are satisfied that in the instant situation, the widow is a "party in interest" within the meaning of D.C. Code § 19–307 (1951).

Reversed.

---

6. And their claims will be "critically examined by the Probate Court * * * *." Perkins v. Berger, 79 U.S.App.D.C. at page 287, 145 F.2d at page 857.

7. 71 App.D.C. 293, 109 F.2d 840, certiorari denied, 1940, 309 U.S. 685, 60 S.Ct. 808, 84 L.Ed. 1029.